IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-00019-EWN-BNB

JENNY L. PURKETT,

Plaintiff,

v.

ROBERT M. GATES,

Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on the defendant's **Motion for Summary Judgment and Supporting Brief** [Doc. # 41, filed 12/7/2007] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED and that judgment be entered in favor of the defendant and against the plaintiff because the action is time-barred.

### I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe her pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). Rule 56(c), Fed.R.Civ.P., provides that summary judgment should be rendered

"if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of the pleadings, discovery and disclosure materials on file and any affidavits the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 447 U.S. 317, 323 (1986).  The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial. Id. at 324.  Only admissible evidence may be considered when ruling on a motion for summary judgment. World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985).

## II.  UNDISPUTED MATERIAL FACTS

1. The plaintiff was employed as a secretary with the Defense Contract Management Agency West.  She worked in the Equal Employment Opportunity (EEO) Office in Carson, California. *Motion*, Ex. A-1, ¶ 1.

2. The plaintiff filed a formal EEO complaint on December 23, 2002, based on race, national origin, and reprisal. Id. at Ex. A-2, ¶ 2.

3. The plaintiff's employment was terminated on September 24, 2004. Id. at Ex. A-3, Attach. 1.

4. On August 18, 2006, the Equal Employment Opportunity Commission ("EEOC") issued a decision affirming the defendant's Final Agency Decision of no discrimination or

2

reprisal. The decision was mailed to the plaintiff on August 18, 2006. The decision included a notice that the plaintiff had a right to file a civil action in an appropriate United States District Court within 90 calendar days from the date she received the EEOC decision. Id. at Ex. A-2, Attach. 1.

5. The plaintiff initiated her action in this Court on December 22, 2006.

### III. ANALYSIS

Pursuant to 42 U.S.C. § 2000e-16(c), a federal employee is authorized to file a civil action in federal district court within 90 days after receipt of a notice of final action taken by the EEOC. "Compliance with the filing requirements of Title VII is not a jurisdictional prerequisite, rather it is a condition precedent to suit that functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling." Million v. Frank, 47 F.3d 385, 389 (10th Cir. 1995).

"Courts have narrowly construed equitable exceptions to the time limitations set out in Title VII." Biester v. Midwest Health Services, Inc., 77 F.3d 1264, 1267 (10th Cir. 1996).

> The Tenth Circuit has generally recognized equitable tolling of Title VII time limitations only if the circumstances of the case rise to the level of active deception which might invoke the powers of equity to toll the limitations period. For instance, equitable tolling may be appropriate where a plaintiff has been lulled into inaction by her past employer, state or federal agencies, or the courts. Likewise, if a plaintiff is actively misled, or has in some extraordinary way been prevented from asserting his or her rights, we will permit tolling of the limitations period.

Id. at 1267-68 (internal quotations and citations omitted).

Here, it is undisputed that the EEOC mailed its final decision to the plaintiff on August 18, 2006. The date the plaintiff received the final decision is disputed. The defendant asserts that the plaintiff received the decision on August 24, 2006. *Motion*, p. 6, § B. The

3

plaintiff asserts she received the decision on August 29, 2006. *Plaintiff's Response and Brief in Opposition to Defendant's Motion for Summary Judgment and Supporting Brief Pursuant to Fed. R. Civ. P. 56(c)* [Doc. #55, filed 3/12/08] (the "Response"), p. 4. Assuming the plaintiff received the EEOC's final decision on August 29, 2006, she had until November 27, 2006, to file her Complaint. The plaintiff did not initiate this action until December 22, 2006. Absent tolling, the Complaint is time-barred.

The plaintiff asserts that she initially filed this action in Denver District Court on November 27, 2006, and that the state action was dismissed on December 5, 2006. *Response*, p. 6, § B and Ex. 1-7. Assuming without deciding that the plaintiff's error in filing entitles her to tolling, this action is still time-barred. Her erroneous filing in the state court would toll the limitations period for the eight days her case was in state court--or until December 13, 2006. Because she did not initiate this action until December 22, 2006, her Complaint must be dismissed as time-barred.

## IV. CONCLUSION

I respectfully RECOMMEND that defendant's Motion for Summary Judgment and Supporting Brief be GRANTED and that judgment be entered in favor of the defendant and against the plaintiff because the action is time-barred.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal

questions.  <u>In re Key Energy Resources Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated July 29, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge